**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

TGE FAMIILY HOLDINGS, LLC

    Plaintiff,

v.                                                                  CASE NO.:

XYTEL, INC.,

    Defendant.
_____/

### DEFENDANT XYTEL, INC.'S NOTICE OF REMOVAL

Defendant Xytel, Inc., pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), hereby files its Notice of Removal and in support thereof would show the Court as follows:

### Procedural Background

1.  TGE Family Holdings, LLC ("Plaintiff") is the plaintiff. Xytel, Inc. ("Xytel") is the defendant.

2.  On May 5, 2020, Plaintiff filed a complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, initiating Case No. 2020009725CA01 ("State Court Civil Action"). The complaint asserts the following counts: unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. Pursuant to 28 U.S.C. § 1446(a), all pleadings filed in the State Court Civil Action, including the Summons, Civil Case Cover Sheet, and Complaint, are attached hereto as **Composite Exhibit A**.

3.  Xytel was served with Plaintiff's complaint on May 20, 2020. This notice of removal is being filed within the thirty (30) day time period required by 28 U.S.C. § 1446(b).

## Grounds for Removal

4. Xytel is a Delaware corporation. Xytel has its principal place of business and its main office located in Spartanburg County, South Carolina. *See* Declaration of Michael Anthony Shaw in Support of Removal ("Shaw Decl."), ¶ 5, attached hereto as **Exhibit B**.

5. Plaintiff's organizational filings on file and viewable on the Florida Department of State's Sunbiz.org website indicate that Plaintiff is a Delaware limited liability company with its principal address located in Miami Beach, Florida. *See* Shaw Decl. ¶ 6.

6. While investigating Plaintiff's citizenship, which is determined by the citizenship of its members,[1] counsel to Xytel found nothing of value to identify the actual member(s) of Plaintiff after reviewing (a) public records, (b) online searches, (c) court records, (d) records of both the Florida Department of State's Sunbiz.org website and the Delaware Secretary of State, and (e) the actual communications and documents in Xytel's possession, custody and control. *See* Shaw Decl. ¶ 7.

7. Plaintiff's manager has connections to both Florida and Georgia, and the check that funded the deposit at issue in this lawsuit was drawn on an account in the name of three individuals who appear to live in the New York metropolitan area and which included a New York City address. *See* Shaw Decl. ¶ 8.

8. In sum, the Plaintiff has connections to the states of Florida, Georgia, and New York. For diversity of citizenship purposes, counsel to Xytel found no connection between Plaintiff and either Delaware or South Carolina.

---

[1] The citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); see also *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 200 (3d Cir. 2007). The "one exception" identified by the Supreme Court is "the entity known as a sociedad en comandita, created under the civil law of Puerto Rico, [which is] treated as a citizen of Puerto Rico for purposes of determining federal-court jurisdiction." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-90, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).

9. Accordingly, there is complete diversity among the parties. 28 U.S.C. § 1332; *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d. Cir. 2015).

10. The State Court Civil Action seeks, among other relief, damages in excess of $150,000.00. *See* Complaint, Prayer for Relief at p. 6. As such, the amount in controversy requirement is met.

11. Removal of the State Court Civil Action is proper pursuant to 28 U.S.C. § 1441(b) because the State Court Civil Action is between citizens of different states and the jurisdictional amount in controversy exceeds $75,000.00.

## Compliance With Procedural Requirements

12. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days after Xytel received a copy of Plaintiff's pleading setting forth the claims for relief upon which Plaintiff's action is based.

13. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Southern District of Florida because the county from which the State Court Civil Action is being removed lies within this jurisdiction.

14. Promptly after filing this Notice of Removal, Xytel shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d). *Shaw* Decl. ¶ 4.

WHEREFORE, Defendant, Xytel, respectfully prays that the State Court Civil Action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Dated: June 9, 2020

Respectfully submitted,

JONES WALKER LLP
*Attorneys for Xytel*
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Email: bharris@joneswalker.com
   *tshaw@joneswalker.com*
   *miamiservice@joneswalker.com*
Telephone: (305) 679-5700
Facsimile: (305) 679-5710

By: _____
Ben H. Harris, III
Florida Bar No. 49866
Michael Anthony Shaw
Florida Bar No. 18045
Stephen P. Drobny
Florida Bar No. 55732

## **CERTIFICATE OF SERVICE**

This is to certify that I have on June 9, 2020 served a copy of the foregoing by first class U.S. mail, postage prepaid upon the following:

Jonathan Edderai
Wolffers Cohen & Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wolfferscohen.com
*Counsel for Plaintiff*

_____
Ben H. Harris, III, Esq.

{M1734204.1}                                4