# EXHIBIT A

Filing # 107069221 E-Filed 05/05/2020 12:35:05 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

TGE Family Holdings, LLC
Plaintiff
        vs.
Xytel, Inc.
Defendant

**II.   AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $150,000

**III.  TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐   No ☒

IV.  **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☒ Non-monetary declaratory or injunctive relief;
  ☐ Punitive

V.  **NUMBER OF CAUSES OF ACTION:**
  (Specify)

  3

VI.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

VII.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Jonathan Edderai
       Attorney or party
FL Bar No.:   0124350
       (Bar number, if attorney)
       Jonathan Edderai
       (Type or print name)
  Date:   05/05/2020

Filing # 107069221 E-Filed 05/05/2020 12:35:05 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA

TGE Family Holdings, LLC

              Plaintiff,

vs.

Xytel, Inc.

              Defendants.

Case No.:

**COMPLAINT**

Plaintiff TGE Family Holdings, LLC ("Plaintiff"), by its undersigned attorneys, brings this action against Defendant Xytel, Inc. ("Defendant") and alleges the following:

**PARTIES**

1. Plaintiff TGE Family Holdings, LLC is a Delaware limited liability company with headquarters at 820 W. 41 St., Miami Beach, Florida 33140.
2. Defendant Xytel, Inc. is a Delaware corporation with headquarters at 4133 S. Church Street Ext., Roebuck, SC 29376.

**JURISDICTION AND VENUE**

3. This is an action for legal and equitable relief.
4. Plaintiff's damages exceed $30,000, as alleged below.
5. Pursuant to Florida Statute § 48.193, this Court has jurisdiction over Defendant because it, among other things, has transacted business within the state or breached contracts in this state by failing to perform acts required to be performed in this state.
6. Venue is appropriate in this Court pursuant to Florida Statute § 47.051 because Defendant is a foreign corporation and the causes of action accrued in this county.

**STATEMENT OF FACTS**

7. Plaintiff is in the business of providing renewable energy products. In early 2019 Plaintiff's directors decided that, in order to expand its business, Plaintiff would require

a plant to produce highly-calibrated turbines capable of converting biomass into usable fuel (the "Turbine Plant").

8. Plaintiff solicited proposals from various engineering firms to design the Turbine Plant and assist in its construction.

9. In early 2019, Plaintiff met with Defendant to discuss Plaintiff's technology and the possibility of working with Defendant to design the Turbine Plant and assist in its construction.

10. During this meeting, Defendant told Plaintiff that due to Plaintiff's lack of a credit history, Defendant would require a refundable deposit from Plaintiff of $150,000 before it would agree to begin work for Plaintiff.

11. In May 2019, Defendant submitted a "Proposal" outlining a potential development process for the Turbine Plant. See Exhibit 1, Proposal.

12. The Proposal was a rough outline of how Defendant could complete the required engineering work within the specified timeframe. The Proposal specified a $300,000 total engineering cost, with $150,000 to be deposited by Plaintiff at the start of the project. See Exhibit 1, Proposal, Page 4.

13. The Proposal was not signed by either party, and contained no language indicating it should be considered a contract.

14. No deposit was transmitted to Defendant before the Proposal expired, according to its specific terms, on July 1, 2019.

15. Subsequent to the expiration of the Proposal on July 1, 2019, Plaintiff and Defendant engaged in further negotiations and came to an understanding with respect to future engineering work on the Turbine Plant.

16. Plaintiff accordingly sent Defendant a refundable deposit of $150,000 in August, 2019.

17. The parties' agreement was based on terms similar to those contained in the Proposal, but no formal contract or other writing was ever concluded between the parties.

18. Defendant and Plaintiff agreed that the deposit would be refunded to Plaintiff if the project did not ultimately proceed.

19. In particular, the parties agreed to various meetings along the terms specified in the Proposal. These meetings were to take place during the initial phase of the project, approximately the first 10 weeks. These included a "Kick-Off Meeting," "Conceptual Design Review Meeting," and "Process Review-HAZOP Meeting." See Exhibit 1, Proposal, Pages 2-3. The meetings never took place.

20. Defendants further promised to research and provide guidance with respect to "pricing on individual products in order to achieve the most viable prices and quality of product," and to provide engineering guidance with respect to the Turbine Plant. That guidance was never provided to Plaintiff, and there is no indication Defendant performed research of any kind.

21. In sum, Defendant did not provide any deliverables or other work product to Plaintiff.

22. As Defendant provided no deliverables to Plaintiff and the project never began, Plaintiff and Defendant had several conversations in-person and by phone during this period of Defendant's delay.

23. During these conversations, Defendant reaffirmed to Plaintiff the refundable nature of the deposit and reiterated that the deposit would be refunded to Plaintiff if the project did not proceed.

24. On December 5, 2019, Akiva Bernhard, Plaintiff's manager, emailed Dr. Olivier Clause, Defendant's CEO, and requested that the placeholder deposit be returned. Dr. Clause refused Mr. Bernhard's request, and a second demand made by email on December 7, 2019.

25. On December 11, 2019, Plaintiff's counsel dispatched a letter demanding that Defendant return its $150,000.00 deposit. See Exhibit 2, Demand Letter.

26. Defendants have not returned any part of Plaintiff's deposit as of the date of this writing.

27. Upon information and belief, Defendant has used a significant portion of the deposit to pay internal expenses unrelated to the Turbine Plant project.

28. Plaintiff has suffered significant losses as a consequence of Defendants' behavior. As of the date of this writing, Plaintiff's total estimated losses are approximately $150,000.00.

## FIRST CAUSE OF ACTION

### UNJUST ENRICHMENT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.
30. Plaintiff provided Defendant with a $150,000 refundable deposit to begin meetings with respect to development of the Turbine Plant.
31. Defendant accepted the $150,000 refundable deposit, and retains the full amount as of the date of this writing.
32. The required meetings never took place and Defendant never commenced activity on the Turbine Plant project or provided any work product with respect to the project.
33. Plaintiff therefore demanded that Defendant cease work and return the deposit on numerous occasions beginning in December, 2019.
34. Defendant has not returned any part of the $150,000 refundable deposit provided by Plaintiff and has refused Plaintiff's demands for its return.
35. As a consequence of the acts set forth above, Defendant was unjustly enriched at the expense of Plaintiff in an amount equal to $150,000.
36. In equity and good conscience, Defendant should not be permitted to retain the funds received from Plaintiff and should return such funds.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

37. Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.
38. The court may find Plaintiff entered into a contract with Defendant, namely the Proposal.
39. Plaintiff fully performed its duties under the Proposal by depositing the refundable $150,000 sum required by Defendant under its terms.

40. All conditions required for Defendants' performance under the Proposal had therefore occurred.
41. Defendant breached the Proposal by failing to hold any of the meetings required by the proposal, by failing to research and provide pricing guidance, and by failing to do any of the substantive work it contracted to perform under the Proposal during the roughly 5-month period running from Plaintiff's deposit in August, 2019 to Plaintiff's demands that Defendant stop work in December, 2019.
42. Plaintiff suffered damages to the extent it paid Defendant $150,000 while failing to receive any of the services it contracted for in return.

## THIRD CAUSE OF ACTION

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43. Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.
44. Plaintiff entered into a contract with Defendants, namely the Proposal.
45. Plaintiff fully performed its duties under the Proposal by making a $150,000 refundable deposit with the Defendant.
46. All conditions required for Defendant's performance under the Proposal had occurred.
47. Defendants interfered with Plaintiff's receipt of the Proposal's benefits by refusing to perform any of the work it had contracted to perform.
48. Defendants' conduct did not comport with Plaintiff's reasonable contractual expectation under the Proposal, namely that it would receive engineering and design services with respect to the Turbine Plant.
49. Plaintiff was harmed by Defendant's conduct because it failed to receive the engineering and design services it was entitled to under the proposal.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff respectfully requests judgment as follows:

A. That a constructive trust be imposed for Xytel, Inc. on all company assets no matter how titled or held;

B. That Plaintiff be awarded damages it has sustained as a consequence of Defendant's conduct, including but not limited to $150,000 reflecting the misappropriated funds deposited with Defendant;

C. That Plaintiff recover its costs and attorneys' fees;

D. That Plaintiff be granted prejudgment and post-judgment interest; and

E. That the Court grant to Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

DATED: May 5, 2020                    /s/ Jonathan Edderai
                                      Jonathan Edderai
                                      Wolffers Cohen & Edderai, LLP
                                      1132 Kane Concourse, Suite 205
                                      Bay Harbor Islands, FL 33154
                                      jonathan@wolfferscohen.com


MADE IN THE USA

*ENGINEERING PROPOSAL*

*Offer 7457*

*KDV Demo Plant*

**TGE**

*May 29, 2019*



Engineering Proposal 7457

# 1. INTRODUCTION

Xytel Inc. is pleased to introduce an offer for engineering of TGE's KDV demo plant. Xytel's proposal includes all preliminary engineering required to complete the PIDs, Process Bill of Materials, 3D modular and structural design, and electrical load list for construction.

The engineering phase will facilitate a detailed estimate and fixed price bid for detailed engineering, procurement, construction, installation supervision, and start-up of the pilot plant.

# 2. CONCEPTUAL ENGINEERING PHASE

## 2.1. KICK-OFF MEETING

A Kick off meeting will be held at end user premises for 2 days. Objectives of the meeting will be:

- Introduce the project manager & other engineers who will be involved in the project both from Xytel and TGE team
- Review the preliminary PFDs, P&IDs and process information
- Visit the current pilot plant.
- Review past successes and failures
- Review test plan to provide process data for Pro/II model
- Review the project schedule on Microsoft Project

## 2.2. CONCEPTUAL DESIGN REVIEW MEETING

Approximately 6-10 weeks after the kickoff, a design review will be held at TGE or Xytel's facility.

This meeting will consist of a thorough review of the conceptual process design. The conceptual P&IDs, Equipment Bill of Material, equipment specifications, PFD's, Heat and Material Balance, Pro/II Model, +/-30% budgetary estimate, and preliminary 3D model will be reviewed. All this information will have been sent to end user at least one week before meeting.

A +/- 30% estimate of the pilot plant will also be provided.

# 3. BASIC ENGINEERING PHASE

## 3.1. PROCESS REVIEW MEETING – HAZOP MEETING

Approximately 6-10 weeks after the kickoff, a design review will be held at TGE, Xytel's facility, or virtual. Location of meeting will depend on level of changes between the Conceptual and Basic designs.



Engineering Proposal 7457

This meeting will consist of a thorough review of the basic process design. The PIDs, Bill of Material, instrument and equipment specifications, +/-10% budgetary estimate, and pilot plant 3D model will be reviewed. All this information will have been sent to end user at least one week before meeting within a basic engineering package.

1-2 week after the design has been updated from the review meeting a HAZOP will be held at TGE's facility. The HAZOP will be facilitated by either TGE or a 3rd party hired by TGE.

Any modifications during HAZOP meeting will be marked up, and documents and cost estimate will be updated accordingly.

A fixed price offer for the construction of the pilot plant will be completed after the HAZOP.

### 3.2. PROJECT MANAGEMENT

Xytel Project Manager will be the main contact for project related issues. The Project Manager will track project performance to the project timeline, ensuring sufficient resources and details are available to maintain the project schedule.

### 3.3. EXCLUSIONS

- All civil engineering including building construction (Xytel will work with OSBL engineering firm selected by TGE in terms of providing information for pilot plant erection at site).
- All software engineering (Software engineering will be completed by Xytel in the construction phase of the project). Xytel's software engineer will be involved in the basic design. His involvement will be limited to estimating and selection of the control system.

### 3.4. DOCUMENTATION

All engineering drawings and documents are according to standard engineering practices; TGE standards will be adopted wherever required.

The Basic Design package will include the following documentation:

- Piping and Instrumentation Drawings in AutoCAD
- Process model in Pro/ii
- Process Flow Diagrams with material balance for critical streams
- Process Bill of Materials (EXCEL format) (sized equipment schedule)
- Technical specification / Data Sheets of main equipment (Pumps, Vessels, Heaters)
- Vessel drawings, for vessels built by Xytel Inc.
- Utility list and consumption summary including Electrical load list
- 3D layout in SolidWorks
- Project cost report (estimate in excel) including key assumptions and factors applied
- Project Schedule
- Preliminary specification of control system (Manufacturer to be used)
- OSBL requirements for installation of pilot plant



Engineering Proposal 7457

## 4. PRICE

### 4.1. PRICE OF ENGINEERING

Basic engineering phase

= $300,000 USD

The price includes travel and living expenses for two trips for Xytel Engineers. The prices given in the present proposal does not include any tax, duty and/or levy which may be imposed on Xytel Inc., the goods supplied, or Xytel Inc. personnel by the local authorities.

### 4.2. PAYMENT CONDITIONS

50% upon start of project will be wired to account given below.

50% of the engineering contract will be wired to account below upon engineering package being delivered to TGE.

| Name | Bank of America, N.A., New York, NY |
|---|---|
| Routing number | ▇▇▇▇ |
| Account Title | Xytel Inc. |
| Account Number | ▇▇▇▇774 |

### 4.3. VALIDITY

This proposal is valid until July 1st, 2019.

### 4.4. COMING INTO FORCE

The date of coming into force of the contract will be the date of receipt by **Xytel Inc.** of the contract or purchase order duly signed.

**Exhibit 2- Purchase Order**

BS"D

## Tachlis Global Energy Family Holdings LLC

**Purchase Order**



| | |
|---|---|
| Date | 2019-08-09 |
| P.O. Number | 613 |
| Customer ID | |

### Vendor
Xytel Inc.
4133 S. Church Street PO Box 329
Roebuck, SC
29376

### Ship To
TGE FH LLC
18851 NE 29 Avenue #700
Aventura, Florida
33180
P: 404 229 8452
E: info@TGEnergy.net

| Ship Via | Shipping Method | Shipping Terms | Delivery Date |
|---|---|---|---|
| | | | |

| Code | Product Name/Description | Qty | Unit Price | Total |
|---|---|---|---|---|
| | Engineering Proposal Offer 7457 rev2 KDV Demo Plant to be located in Indiana | 1 | 150,000.00 | 150,000.00 |
| | | | | - |
| | | | | - |
| | | | | - |
| | | | | - |

**Notes and Instructions**
Terms: 100% deposit at start of project
PAID

| | | |
|---|---|---|
| Subtotal | $ | 150,000.00 |
| Discount | | - |
| Sales Tax Rate | % | 0.00 |
| Sales Tax | | - |
| Other Cost | | - |
| S & H | | - |
| **Total** | **$** | **150,000.00** |

18851 NE 29 Avenue #700, Aventura Florida, 33180

Filing # 107094733 E-Filed 05/05/2020 04:43:33 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2020-009725-CA-01 |
| **PLAINTIFF(S)**<br>TGE Family Holdings, LLC | **VS. DEFENDANT(S)**<br>Xytel, Inc. | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): Xytel, Inc.

Care of, THE CORPORATION TRUST COMPANY

CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON DE 19801

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Jonathan Edderai

whose address is: 1132 Kane Concourse, Suite 205, Bay Harbor Islands, FL 33154

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | | DATE |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19                                            Clerk's web address: www.miami-dadeclerk.com

Filing # 107094733 E-Filed 05/05/2020 04:43:33 PM

| | | |
|---|---|---|
| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2020-009725-CA-01 |
| **PLAINTIFF(S)**<br>TGE Family Holdings, LLC | VS. **DEFENDANT(S)**<br>Xytel, Inc. | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): Xytel, Inc.

Care of, THE CORPORATION TRUST COMPANY

CORPORATION TRUST CENTER, 1209 ORANGE ST, WILMINGTON DE 19801

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Jonathan Edderai

whose address is: 1132 Kane Concourse, Suite 205, Bay Harbor Islands, FL 33154

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | 308760<br>DEPUTY CLERK | DATE<br>5/11/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19                                                           Clerk's web address: www.miami-dadeclerk.com

Filing # 107760768 E-Filed 05/20/2020 04:06:08 PM

## AFFIDAVIT OF SERVICE

| Case: 2020-009725-CA-01 | Court: IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY FLORIDA | County: MIAMI-DADE | Job: 4543437 (Xytel, Inc. c/o THE CORPORATION TRUST COMPANY) |
|---|---|---|---|
| Plaintiff / Petitioner: TGE Family Holdings, LLC | | Defendant / Respondent: Xytel, Inc. | |
| Received by: The Wesley Group | | For: Wolffers, Conen & Edderai LLP | |
| To be served upon: Xytel, Inc. c/o THE CORPORATION TRUST COMPANY | | | |

I, Angela Lee, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

Recipient Name / Address: Sean Williams, 1209 ORANGE ST, WILMINGTON, DE 19801-1120
Manner of Service: Registered Agent, May 19, 2020, 2:11 pm EDT
Documents: Issued Summons, Merged Complaint

### Additional Comments:
1) Successful Attempt: May 19, 2020, 2:11 pm EDT at 1209 ORANGE ST, WILMINGTON, DE 19801-1120 received by Sean Williams. Age: 39; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 5'10"; Hair: Brown; Eyes: Brown; Relationship: Intake Manager;

_Angela Lee_    05/20/2020
Angela Lee, Process Server    Date

The Wesley Group
107 S. West St. Ste. 417
Alexandria, VA 22314

Subscribed and sworn to before me by the affiant who is personally known to me.

_Parker King_
Notary Public

05/20/2020    12/31/2022
Date    Commission Expires



Contact Us   My Account   

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM



◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

### TGE FAMILY HOLDINGS, LLC VS XYTEL, INC.

| | | | |
|---|---|---|---|
| Local Case Number: | 2020-009725-CA-01 | Filing Date: | 05/05/2020 |
| State Case Number: | 132020CA009725000001 | Judicial Section: | CA02 |
| Consolidated Case No.: | N/A | Case Type: | Contract & Indebtedness |
| Case Status: | OPEN | | |

**Parties** — Total Of Parties: 2

**Hearing Details** — Total Of Hearings: 0

**Dockets** — Total Of Dockets: 8

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 7 | 05/20/2020 | | Service Returned | Event | |
| | | 05/11/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 05/11/2020 | | ESummons 20 Day Issued | Event | Parties: Xytel Inc. |
| | 5 | 05/07/2020 | | Receipt: | Event | RECEIPT#:2280043 AMT PAID:$10.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:05/07/2020 REGISTER#:228 CASHIER:EFILINGUSER |
| | 3 | 05/06/2020 | | Receipt: | Event | RECEIPT#:2350246 AMT PAID:$401.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:05/06/2020 REGISTER#:235 CASHIER:EFILINGUSE |
| 📄 | 4 | 05/05/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 2 | 05/05/2020 | | Complaint | Event | |
| 📄 | 1 | 05/05/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems.

### General

Online Case Home

Civil / Family Courts Information

Login

### Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



**HARVEY RUVIN**
Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.

